UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGIE S. JOHNSON<br>6121 Ellsworth Street<br>Philadelphia, PA 19143<br>           Plaintiff<br><br>v.<br><br>RESOURCES FOR HUMAN<br>DEVELOPMENT, INC.<br>4700 Wissahickon Avenue<br>Philadelphia, PA 19144<br>and<br><br>ROBERT FISHMAN<br>4700 Wissahickon Avenue<br>Philadelphia, PA 19144<br>           Defendants | DOCKET NO. 09 3664 |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive and equitable relief; compensatory, and punitive damages; and costs and attorney's fees for violations of the Pennsylvania Protective Services Law, Family Medical Leave Act, and other laws and for retaliation for engaging in protected activity.

### JURISDICTION

2. This action arises under the Family Medical Leave Act and under the statutes and common law of the Commonwealth of Pennsylvania.

3. Jurisdiction over the federal claims is invoked pursuant to 28 USC § 1343, 1331 and

1

over the state law claims pursuant to the doctrine of supplemental jurisdiction.

## VENUE

4. This action properly lies in the Eastern District of Pennsylvania, Civil Division, pursuant to 28 USC §§ 1391(c), 29 USC 1132(e), because the Plaintiff and Defendants reside in Eastern Pennsylvania and Defendant Resources For Human Development, Inc. (hereinafter referred to as RHD) conducts business, has significant contacts in Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

## PARTIES

5. Plaintiff, Angie S. Johnson, is a citizen and resident of the United States and Pennsylvania and was employed by Defendant RHD as a Director at the time she was terminated.

6. Defendant, RHD, is an employer, engages in an industry affecting commerce, and employs more than 300 regular employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year. Additionally, said Defendant at all times pertinent hereto, was the employer of Plaintiff.

7. Defendant, Robert Fishman, is the Executive Director and founder of RHD.

## FACTS

8. Plaintiff, Angie S. Johnson, hereby incorporates paragraphs 1 through 7 of this Complaint as though same were fully set forth at length herein.

9. In 1997, Plaintiff was hired by Defendant RHD as a case manager.

10. During her employment with RHD, Ms. Johnson was promoted to 1) Lead Case Manager; 2) Supervisor; and, 3) Director of ACES (a division of RHD), a program designed to help dependent children on probation prepare for the workforce.

11. In July of 2004, Ms. Johnson learned from a coworker that a female administrative manager, working at Defendant RHD's headquarters and under the supervision of Defendant Fishman, had engaged in sexual activity with a minor who had been assigned to the ACES program. As a result of engaging in said sexual relations with the minor, the aforementioned female employee became pregnant and birthed a boy.

12. The actions of the female employee violated Defendant's Policies, DHS regulations and the laws and regulations of the Commonwealth of Pennsylvania.

13. RHD's policies specifically prohibit sex and inappropriate relationships with minors as follows:

> It is the responsibility of every RHD employee to protect our consumers against all real or potential abuse: financial, verbal, physical and/or emotional.
>
> Whether or not a consumer is capable of reciprocating, all staff must treat them with respect, patience, understanding and loving care. If or when a consumer exhibits negative behavior, staff must be careful not to overreact but gently and firmly respond to control the situation and maintain everyone's safety. Continuing unwelcome behaviors of clients to staff should be reported to the Unit Director who will participate in developing behavior modification planning.
>
> **RHD employees are not permitted to have any improper relationship or dealings with consumers. No employee should ever initiate or accept a sexually physical or emotional relationship with a consumer. Don't allow a consumer to misinterpret kind attention for physical attraction.** Don't be afraid to hug a consumer but be careful of boundaries.

14. Pursuant to RHD's policies and the Pennsylvania Protective Services Law, Plaintiff reported the conduct of the female employee to RHD's Executive Director, Defendant, Robert Fishman, and recommended that this employee be terminated.

15. Defendant Fishman disagreed with Plaintiff that said female employee had done anything wrong. Defendant Fishman was openly dismissive of Plaintiff's concern about an RHD

employee having sexual relations with a minor - - who was also a client of RHD.

16. The conduct of the female employee was known to several employees and managers of RHD. Despite this fact, Defendant Fishman did nothing to address her inappropriate conduct.

17. Defendants' conduct is a violation of the Child Protective Services Law, specifically Sections 6303(b)(ii); 6311; 6312; and, 6313.

18. Following Ms. Johnson's aforementioned reportings, Defendant Fishman began to view Ms. Johnson in a negative light and subjected her to unfair and unwarranted scrutiny which continued up until her termination in 2009.

19. On December 9, 2008, Plaintiff went out on sick leave due to a serious medical condition.

20. Shortly thereafter, Defendant RHD supplied Plaintiff with FMLA certification forms and Plaintiff had said forms completed and returned same to Defendant.

21. Defendant approved Ms. Johnson's request for FMLA leave and informed her that her leave would expire on March 3, 2009.

22. On February 23, 2009, Plaintiff visited the headquarters of Defendant to inform Jennifer Arthur-Lewis, Corporate Assistant Director, that she was released to return to work as of February 25, 2009.

23. Ms. Arthur-Lewis was not present but her supervisor, Richelle Gunther, who held the position of Corporate Associate Director, was present.

24. Once, Plaintiff informed Ms. Gunther that she was ready to return to work, Ms. Gunther informed Plaintiff that she was being terminated.

25. Plaintiff was then asked to wait in a conference room.

26. Shortly thereafter, Ms. Gunther returned with Roger Lenz, the Director of Human

Resources. Ms. Gunther handed Plaintiff a letter, allegedly drafted by Ms. Arthur-Lewis.

27. A review of the letter reveals that Ms. Gunther signed Ms. Arthur-Lewis's name.

28. The letter states that Ms. Johnson was terminated, or "ineligible for rehire" because of "behavioral issues in the months and days preceding your disability leave."

29. At all times relevant, Ms. Gunther and Ms. Arthur-Lewis were acting on behalf of and at the request of Defendants, Robert Fishman and RHD.

30. Defendants' reasons for terminating Ms. Johnson are a pretext and a cover-up for the real reason, retaliation in violation of the FMLA and Pennsylvania law.

31. Defendants' actions constitute retaliation and wrongful discharge under the section 6311(c) of the Child Protective Services Law and Pennsylvania Whistle Blower Statute.

## COUNT I - RETALIATION

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though same were fully set forth at length herein.

33. Defendants' aforementioned actions constitute retaliatory discharge in violation of section 6311(c) of the Child Protective Services Law and Pennsylvania Whistle Blower Statute.

34. Plaintiff seeks compensatory damages for back pay, front pay, loss of value of benefits, pain and suffering, humiliation, embarrassment, anxiety, attorney's fees, costs of litigation, punitive damages, and other incidental damages suffered as a result of Defendants' aforementioned actions.

## COUNT II - WRONGFUL DISCHARGE

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though same were fully set forth at length herein.

36. Defendants' aforementioned conduct constitutes wrongful discharge under the

Pennsylvania Child Protective Services Law and Whistle Blower Statute.

37. Defendants have at all times material to the foregoing claims acted wilfully and with malice toward Plaintiff. The Defendants knew, or reasonably should have known, that the aforementioned conduct was in violation of Defendant Employer's handbook and the laws of Pennsylvania and the United States. The Defendant knew, or reasonably should have known, that Plaintiff was subject to discrimination and retaliation; yet, Defendant took no action to cease its wrongful conduct and, in fact, committed further acts designed to cover up the patent retaliation against Plaintiff. Accordingly, Plaintiff is entitled to exemplary and punitive damages.

38. Plaintiff seeks damages alleged in paragraph 34 above.

## COUNT III - FAMILY MEDICAL LEAVE ACT

39. Plaintiff, Angie S. Johnson, hereby incorporates paragraphs 1 through 38 of this Complaint as though same were fully set forth at length herein.

40. At all times relevant, Defendant employed 50 or more employees who worked 20 or more calendar weeks in the previous year.

41. In February of 2009, Plaintiff had been a full time employee and worked more than 1,250 hours.

42. Defendant granted Plaintiff's request for FMLA.

43. At all times relevant, Defendant was subject to the statutory requirements imposed by Family Medical Leave Act and Plaintiff was an eligible employee entitled to FMLA protection.

44. At the time Plaintiff requested medical leave, she suffered from a serious health condition.

45. Defendant's termination of Plaintiff for taking medical leave is a violation of the FMLA.

46. Plaintiff seeks damages for back pay, front pay, loss of value of benefits, liquidated damages, attorney's fees and other incidental damages suffered as a result of Defendants' violation of the FMLA.

## JURY TRIAL

Plaintiff demands a jury trial of twelve jurors.

**WHEREFORE,** Plaintiff, Angie S. Johnson, demands judgment in her favor and respectfully requests that this honorable Court enter an order awarding the following:

a. That Plaintiff recover from Defendants back pay with interest, front pay, compensatory damages for pain and suffering, liquidated and punitive damages and such other monetary relief the Court deems just;

b. That Plaintiff recover from Defendants her costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law; and

c. That the Court grant such other relief, including equitable and injunctive relief, as it deems just and proper.

W.J.F. 2565
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney for Plaintiff, Angie S. Johnson
1417 Locust Street, 4th Floor
Philadelphia, PA 19102
(215) 546-2477